**UNITED STATES of America,**
**Appellee,**

v.

**John CAESAR, Appellant.**

**No. 03–1797.**

United States Court of Appeals, Second Circuit.

March 3, 2005.

Present: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.** The case is REMANDED to the district court for reconsideration in light of *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Appellant John Caesar appeals from a judgment of conviction and sentence entered on December 19, 2003 in the United States District Court for the Western District of New York (John T. Elfvin, *J.*). Caesar's sole argument on appeal is that the district court erred when it included in his criminal history calculation one point

for a prior disorderly conduct conviction. Familiarity with the facts and proceedings below is assumed. We affirm.

Ordinarily, a sentence imposed for disorderly conduct is excluded from the criminal history calculation. U.S.S.G. § 4A1.2(c)(1). Such a sentence may be included, however, if "the prior offense was similar to the instant offense." U.S.S.G. § 4A1.2(c)(1)(B). According to the Presentence Investigation Report ("PSR"), Caesar was arrested on August 26, 2001, and charged with criminal possession of a controlled substance in the seventh degree after he dropped a small green bag containing crack cocaine when police officers asked him to approach their police vehicle. By way of disposition, he pled guilty to a reduced charge of disorderly conduct and was sentenced to 15 days incarceration. The PSR recommended adding one point to Caesar's criminal history for this offense because it was "similar" to the instant offense (conspiracy to possess with intent to distribute and to distribute heroin). This gave Caesar ten criminal history points based on his prior convictions. Pursuant to U.S.S.G. § 4A1.1(e), however, the PSR added two additional points because Caesar committed the instant offense less than two years after release from imprisonment.[1] This gave Caesar a total of twelve criminal history points. Judge Elfvin adopted these calculations.

Caesar argues that including one point for the disorderly conduct conviction in his criminal history points was error because disorderly conduct under New York law is dissimilar from his instant drug conspiracy conviction. Similarity under section U.S.S.G. § 4A1.2(c)(1)(B), he asserts, should be determined by the actual crime of conviction, not the conduct underlying it.

We need not reach that question, however. If the disorderly conduct conviction were excluded, Caesar's criminal history score would be decreased by only one point, from twelve to eleven. This still leaves him in Criminal History Category V, which covers criminal history scores of ten through twelve. U.S.S.G. § 5A. Caesar incorrectly assumes that by excluding the single criminal history point for the disorderly conduct conviction he would move into Criminal History Category IV and thus a lower sentencing range. Even if the disorderly conduct charge is not counted, however, Caesar is still two points away from Criminal History Category IV and from a lower sentencing range. Any error that was made would, therefore, be harmless. *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir.1994) (no need to address addition of two criminal history points when criminal history category would remain the same if those points were excluded); *see also United States v. Caldwell*, 358 F.3d 138, 143 (1st Cir.2004) (finding harmless error where exclusion of disputed criminal history points would not affect criminal history category); *United States v. Milquette*, 214 F.3d 859, 863 n. 2 (7th Cir.2000) ("[T]he inclusion of these [disputed convictions] was harmless because even if they had not been counted in his criminal history score, [the defendant] would remain a criminal history category VI"); *United States v. Sanders*, 41 F.3d 480, 486-7 (9th Cir.1994) (finding harmless error where "[s]ubtracting one point from [defendant's] criminal history score will not change [his] criminal history category or the applicable guidelines range").

For the reasons set forth above, the judgment of the district court is hereby

---

1. The sentence for which Caesar received a term of imprisonment used to calculate this two-point increase was not the disorderly conduct conviction at issue.

62

AFFIRMED. This case is REMANDED for further proceedings in light of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).